```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

JAMES DEAN,                    )
                               )
          Plaintiff,           )
                               )
     v.                        )     No.  09 C 4374
                               )
DRAPER AND KRAMER, INC.,       )
                               )
          Defendant.           )
```

MEMORANDUM ORDER

James Dean, Jr. ("Dean") originally filed his Complaint of Employment Discrimination pro se, using the printed form provided by this District Court's Clerk's Office and filling in the requested information in handwriting (or, perhaps more accurately, hand printing). Because of the unremarkable premise that everyone involved in litigation is likely to be better served when lawyers are involved on both sides of the "v." sign, this Court originally granted Dean's motion for the appointment of a lawyer to represent him, obtained the name of the member of the trial bar next in line for such an appointment and designated that lawyer as Dean's counsel.

After several months of representing Dean, including the preparation and filing of a First Amended Complaint on his behalf, the appointed lawyer joined another law firm, and a conflict search of the new firm's clients revealed that one of the firm's clients was defendant Draper and Kramer, Inc. When the latter was willing to waive the conflict but Dean was not (as

he had no obligation to do, of course), counsel withdrew from Dean's representation. Now the replacement counsel has also filed a motion to withdraw as counsel, stating in Motion ¶10 that Dean's "conduct has rendered it unreasonably difficult for Movants to carry out the representation." And when this Court's minute clerk called Dean to ask that he be present for purposes of discussing and ruling on the motion, Dean responded that it was not convenient for him to do so because he asserted didn't have clean clothes for such an appearance and was feeling somewhat under the weather, after which he proceeded to go on at great length about his unhappiness with both lawyers who had been provided to him.

Dean should understand that this District Court is the only one in the country with an established practice of requiring members of the trial bar to be willing to accept pro bono appointments as a condition of their membership. There is no right to the appointment of counsel to provide free legal representation in civil cases, and it is totally within the court's discretion whether to make replacement appointments (just as it is entirely discretionary to make or not to make an appointment in the first instance).

Under the circumstances, no further appointment of counsel will be made, and Dean will have to proceed with his lawsuit on his own unless he is able to retain counsel himself. This Court

2

has previously set a next status hearing date for 9 a.m. October 20, 2010, at which time Dean is ordered either to appear on his own behalf or, if he has retained counsel in the meantime, to cause the retained counsel to appear.

_____
              Milton I. Shadur
              Senior United States District Judge

Date:  September 29, 2010