IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

JAMES DEAN, JR.,                )
                                )
          Plaintiff,             )
                                )
     v.                          )    No.  09 C 4374
                                )
DRAPER AND KRAMER, INC.,         )
                                )
          Defendant.             )

                       MEMORANDUM ORDER

     James Dean, Jr. ("Dean") has filed a Notice of Appeal ("Notice") from this Court's December 28, 2011 dismissal of his pro se action against Draper and Kramer, Inc. for want of prosecution.  Dean has accompanied his Notice with an Affidavit Accompanying Motion for Permission To Appeal In Forma Pauperis ("Affidavit"), using the form provided by our Court of Appeals for that purpose.  Although Dean's filing does not appear to include the motion as such, that of course is a mere technicality--this memorandum order will treat Dean's Affidavit as embodying the motion as well.

     Under Seventh Circuit caselaw a party seeking in forma pauperis status on appeal must make a dual showing:  (1) his or her financial inability to pay the appellate filing fees aggregating $455 and (2) the existence of a nonfrivolous (in the legal sense) ground for appeal.  Dean meets the former requirement, but not the latter one.

     As Dean's Notice reveals, he is an extraordinarily angry

young man who views the universe as populated by members of a wide-ranging conspiracy out to get him. And regrettably, that view extends to falsely ascribing lies to anyone (including this Court and its minute clerk) who may dare to differ with him.

In this instance the factual background is totally different from Dean's skewed portrayal. When he first filed his pro se Complaint, this Court followed its regular practice of appointing a member of the trial bar to represent any pro se litigant who couples (1) a complaint that appears nonfrivolous in the legal sense with (2) a proper showing of financial inability to retain a lawyer plus a statement showing unsuccessful efforts to secure counsel on his or her own. Thereafter the appointed counsel relocated to another law firm that had on occasion represented Draper and Kramer (though the appointed counsel himself had not done so).

When Dean rejected a suggestion (one in which this Court did not of course participate) that both parties might waive any arguable conflict of interest, so long as the appointed counsel maintained the integrity of his lawyer-client relationship with Dean, this Court appointed new counsel from the trial bar to represent Dean. Thereafter Dean and the second set of appointed lawyers had a falling out, and this Court granted counsel's

motion to withdraw from representation.[1]  As Dean's Notice reflects, he views that second set of lawyers as part of the conspiratorial universe, having assertedly engaged in malpractice as well as a conspiracy with Draper and Kramer's counsel and this Court.

It should not come as a surprise that Dean's in-court appearances have involved conduct consistent with the unfortunate (and mistaken) sense of persecution evidenced by his current Notice.  Suffice it to say that the Notice does not at all accurately portray the events surrounding the dismissal of the case.  Because Dean has not provided a nonfrivolous predicate for his putative appeal, this Court denies Dean's motion to proceed without payment of the appellate filing fees.  Dean is of course free to tender the same issue to the Court of Appeals for its consideration.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 22, 2011

---

[1] This Court's uniform practice is to grant such motions, emanating from either the client or the lawyer involved, without inquiring into the internals of lawyer-client relationships (essentially the legal equivalent of no-fault divorce).