```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

JAMES DEAN, JR.                  )  No. 09 C 4374
                                 )
              Plaintiff,         )  Chicago, Illinois
                                 )  September 29, 2010
                                 )  9:00 o'clock a.m
    -vs-                         )
                                 )
                                 )
DRAPER & KRAMER, INC.,           )
                                 )
              Defendant.         )


           TRANSCRIPT OF PROCEEDINGS - STATUS
         BEFORE THE HONORABLE MILTON I. SHADUR

APPEARANCES:

For the Plaintiff:     GREENBERG TRAURIG, LLP
                       77 West Wacker
                       Suite 3100
                       Chicago, Illinois 60601
                       BY:  MR. MATTHEW A.C. ZAPF
                            MR. MATTHEW S. GRAY

For the Defendant:     K&L GATES LLP
                       70 West Madison Street
                       Suite 3100
                       Chicago, Illinois 60602
                       BY:  MR. JOHN PEIRCE MORRISON




Court Reporter:        ROSEMARY SCARPELLI
                       219 South Dearborn Street
                       Room 2304A
                       Chicago, Illinois  60604
                       (312) 435-5815
```

| | |
|---|---|
| 1 | THE COURT: Oh, what happened to -- Wendy was |
| 2 | supposed to give me the -- |
| 3 | MR. ZAPF: Good morning, your Honor, Matthew Zapf. |
| 4 | THE COURT: Wait, wait, wait. Wait just a minute. |
| 5 | MR. ZAPF: I am sorry. |
| 6 | (Discussion held off the record.) |
| 7 | THE COURT: Hold for just a second, please. |
| 8 | (Brief pause.) |
| 9 | THE COURT: Thank you. Okay. Now, I am sorry, |
| 10 | would you just all reflect your appearances, please. |
| 11 | MR. ZAPF: Matthew Zapf and Matt Gray. We also |
| 12 | have Mr. James Dean with us. |
| 13 | MR. MORRISON: I am Peirce Morrison on behalf of |
| 14 | the defendant. |
| 15 | THE COURT: Good morning. You know, when I got |
| 16 | this motion to withdraw, I went back to my file and I |
| 17 | dictated a memorandum order. The only thing that I did not |
| 18 | include in it was setting a next date for status because what |
| 19 | I have done in here is to explain to Mr. Dean that there is |
| 20 | no right to have free counsel appointed in civil cases. We |
| 21 | are the -- literally the only district in the country that |
| 22 | has the trial bar as our captives, with a condition that |
| 23 | membership in the trial bar requires counsel to be prepared |
| 24 | to take on pro bono assignments. And we do that, you know, |
| 25 | because, as I say in this memorandum order, typically |

1  everybody is better off.  The plaintiff is better off, the
2  defendants are better off and the Court is better off if we
3  have lawyer to lawyer rather than nonlawyer to lawyer on
4  opposite sides of the versus sign.
5        So what I have said in this memorandum order is
6  that you have exhausted the goodwill in terms of appointments
7  of counsel.  I never get into what it is that creates the
8  inability of counsel and clients to get along.  I have always
9  likened that to no fault divorce.  It doesn't matter which
10 side of the thing is -- has led to the unhappiness.  The 13th
11 Amendment precludes holding lawyers hostage to clients and
12 vice versa.  That is easy when people are retained.  But when
13 they are appointed, when our rules specifically say that
14 lawyers can come in and say we are not really communicating
15 in an effective way and for whatever reason we would
16 appreciate being relieved of our responsibilities.
17       Short answer is I am relieving them of their
18 responsibilities.  And from now on you go it alone.  And the
19 only question that I have left over and will be -- I am
20 entering this memorandum order, which is -- says pretty much
21 what I have just outlined orally.  I would set a next status
22 hearing date and find out what developments have taken place
23 in the meantime.
24       Now, let me just ask counsel for the defendant what
25 kind of time frame would seem to make sense for that purpose

1  from your point of view?  And then I will ask Mr. Dean.
2              MR. MORRISON:  We do have an October 20th status
3  date set from -- I believe from looking at the file.
4              THE COURT:  So we will keep that.
5              MR. MORRISON:  I think that is probably the
6  appropriate time frame.  I will note that we have
7  outstanding discovery.  This case is 14 months old.
8              THE COURT:  I am well aware.
9              MR. DEAN:  It is much more than 14 months old.  It
10 is more than three years old.
11             THE COURT:  09 C 4374.
12             MR. MORRISON:  It is 14 months almost to the day.
13 And this is one of the problems we -- I am sure we are going
14 to have with counsel with -- with the plaintiff now saying it
15 is three years old.  It is not.  There is an EEOC complaint
16 that is that old but not the lawsuit.
17             MR. DEAN:  No, sir.  There is a -- excuse me.  I
18 seem to have to correct this gentleman because Mr. -- his
19 attorney, Mr. -- I have forgotten his name.  We did --
20             THE COURT:  Alan Serwer?
21             MR. DEAN:  No, prior to him.
22             When I filed my complaint at the -- at the Illinois
23 Department of Human Rights, which was filed in 2007 -- and
24 they have a duplicate file at the EEOC.  I think that is what
25 he is referring to.

| | |
|---|---|
| 1 | THE COURT: This -- |
| 2 | MR. DEAN: After two and a half years of, quote |
| 3 | unquote, investigation, then it became -- |
| 4 | THE COURT: Mr. Dean -- Mr. Dean, this lawsuit was |
| 5 | filed on July 21. |
| 6 | MR. DEAN: Yes, I am aware of that. |
| 7 | THE COURT: July 21, 2009. So don't tell counsel, |
| 8 | no, it is not 14 months. It happens to be about -- |
| 9 | MR. DEAN: Okay. |
| 10 | THE COURT: -- 14. |
| 11 | MR. DEAN: This seems to be semantics. |
| 12 | MR. MORRISON: Fifteen. |
| 13 | THE COURT: You know -- |
| 14 | MR. MORRISON: So if I may continue. |
| 15 | MR. DEAN: Sure, you may. |
| 16 | MR. MORRISON: I anticipate having serious problems |
| 17 | with Mr. Dean. |
| 18 | MR. DEAN: You certainly will have serious problems |
| 19 | with me, I can assure you. |
| 20 | THE COURT: Mr. Dean, please do not interrupt. |
| 21 | MR. DEAN: Sure. |
| 22 | THE COURT: You know, if you are operating on your |
| 23 | own, I expect you in some respects to act as a responsible |
| 24 | lawyer would do. And one of the operative rules is when |
| 25 | other people are talking, you don't get in the way. |

| | |
|---|---|
| 1 | MR. DEAN: Sure. I apologize. |
| 2 | THE COURT: Okay? Because you will get your turn |
| 3 | if you wish. |
| 4 | MR. DEAN: Thank you. |
| 5 | THE COURT: By the way, let's -- before we go on |
| 6 | with this, I have granted your motion, so you are free to |
| 7 | return to active duty. |
| 8 | MR. DEAN: Certainly. |
| 9 | MR. ZAPF: Thank you, your Honor. |
| 10 | MR. GRAY: Thank you. |
| 11 | MR. MORRISON: There is some out -- there is |
| 12 | discovery that we waited to tender until we found out what |
| 13 | the first amended complaint would be. You may recall that |
| 14 | the -- there was a first amended complaint that was -- |
| 15 | THE COURT: I remember. |
| 16 | MR. MORRISON: -- noticed up but not filed. It was |
| 17 | officially filed in July, and we answered within ten days. |
| 18 | And the following day we tendered interrogatories and |
| 19 | requests to produce documents. They are now just about three |
| 20 | weeks overdue. We had granted counsel an extension of two |
| 21 | weeks. And I believe the response was due either Monday or |
| 22 | Friday. We are preparing a motion to compel, at which point |
| 23 | we got this motion for leave to withdraw. |
| 24 | THE COURT: Okay. |
| 25 | MR. MORRISON: We did not want to pile on at the |

| | |
|---|---|
| 1 | time. |
| 2 | THE COURT: What I am going to do -- what is the -- |
| 3 | what does the requested discovery consist of? |
| 4 | MR. MORRISON: There are 19 interrogatories, I |
| 5 | believe, and -- and requests to produce documents. |
| 6 | THE COURT: Okay. What I will do is I will give |
| 7 | Mr. Dean three weeks to comply. That means that -- because I |
| 8 | do that in light of the October 20th date. That happens to |
| 9 | be exactly three weeks from now. So you are going to comply |
| 10 | with the outstanding discovery on or before October 20th, and |
| 11 | I expect to see you back here at 9:00 o'clock on that day so |
| 12 | we can see where we go from here in the lawsuit. |
| 13 | MR. DEAN: Judge Shadur, I have complied. And they |
| 14 | gave to me a date of the 22nd as the date of answering these |
| 15 | interrogatories, which were answered more than a month ago. |
| 16 | And I honestly believe, if I can interject, the reason that |
| 17 | this counsel is being -- has graciously relieved themselves |
| 18 | from representing me is purely political. It has nothing at |
| 19 | all to do with me missing time lines or not turning over |
| 20 | information, because I have readily done that -- |
| 21 | THE COURT: I am not making -- |
| 22 | MR. DEAN: -- for quite a long while. |
| 23 | THE COURT: I am not making -- wait a minute. I am |
| 24 | not making any ruling as to compliance or noncompliance. |
| 25 | What I am saying is that by that date you have to comply with |

| | |
|---|---|
| 1 | any outstanding discovery requests. |
| 2 | MR. DEAN: Yes, I have, sir. |
| 3 | THE COURT: And if you say that you have done it, |
| 4 | then I guess you -- |
| 5 | MR. MORRISON: Then we will have a serious motion |
| 6 | for a default judgment at that time because it hasn't been |
| 7 | given to us. |
| 8 | THE COURT: Showing -- you have to make a showing |
| 9 | that it has been done. And I will see you then on |
| 10 | October 20th. |
| 11 | In the meantime, Mr. Dean, I think we probably -- |
| 12 | although I haven't gone back to the file. When you filed |
| 13 | originally pro se, I assume you listed an address on the -- |
| 14 | on the complaint, right? |
| 15 | MR. DEAN: Yes, I did. |
| 16 | THE COURT: Okay. And that address still remains |
| 17 | in effect? |
| 18 | MR. DEAN: I have -- I don't know if I listed my |
| 19 | Post Office box, which is what all of my mailings, whether it |
| 20 | is legal or not, should -- |
| 21 | THE COURT: Why don't you give -- why don't you |
| 22 | give that information to Sandy. She will make sure that the |
| 23 | Clerk's Office has that as your address. |
| 24 | THE CLERK: I think his address -- when I checked |
| 25 | yesterday, his address is a Post Office box. |

| | |
|---|---|
| 1 | MR. DEAN: And it has been. So there has never |
| 2 | been any discussion as to where something that is intended |
| 3 | for me should go. |
| 4 | THE COURT: Fine. So that will be the address to |
| 5 | which your copy of this memorandum order is going to be |
| 6 | mailed. |
| 7 | MR. MORRISON: Could we also -- can you ask him to |
| 8 | provide me with his phone number and e-mail address. |
| 9 | MR. DEAN: I did. And I will do it again, just as |
| 10 | he has requested. |
| 11 | THE COURT: Why don't you sit down and do it now, |
| 12 | you know. |
| 13 | MR. MORRISON: Sure. |
| 14 | THE COURT: Okay. Thank you. |
| 15 | MR. DEAN: I do have a question, if it is at all |
| 16 | possible to ask. |
| 17 | THE COURT: Yeah. Go ahead. |
| 18 | MR. DEAN: Well, I have been trained in fair |
| 19 | housing and also, as you well know, I am not trained in -- in |
| 20 | this legal process in Federal Court. But I have been |
| 21 | misrepresented, mischaracterized and slandered by their -- by |
| 22 | this client and by -- it seems their newly-employed attorney |
| 23 | that formerly represented me, Mr. -- |
| 24 | THE COURT: What happened is that the original -- |
| 25 | MR. DEAN: Yes, sir, but when I requested -- |

|   |   |
|---|---|
| 1 | THE COURT: Wait just a minute. The original |
| 2 | appointee -- |
| 3 | MR. DEAN: Began work for them. |
| 4 | THE COURT: Will -- if you will let me finish. |
| 5 | There is another part of the rules. |
| 6 | MR. DEAN: Well, I don't know the rules. |
| 7 | THE COURT: When I am talking, don't interrupt me |
| 8 | either. |
| 9 | MR. DEAN: I am sorry. I truly apologize. |
| 10 | THE COURT: Okay? |
| 11 | MR. DEAN: I am sorry. |
| 12 | THE COURT: The original lawyer who represented |
| 13 | you, when counsel went back and changed law firms, discovered |
| 14 | as a result of a conflict check that their office had also |
| 15 | represented Draper & Kramer. And it was for that reason that |
| 16 | the lawyer had to withdraw because of the fact that although |
| 17 | Draper & Kramer was willing to waive the conflict and -- let |
| 18 | me explain something about that because you are a nonlawyer. |
| 19 | You know, law firms are not anymore two-lawyer |
| 20 | shops. What happens is that if an office has represented a |
| 21 | particular client, that does not mean that the particular |
| 22 | lawyer has had the slightest bit to do with that client. So |
| 23 | it is entirely possible to -- for a conflict of that nature |
| 24 | to be waived, that is, not to be advanced because the lawyer |
| 25 | in that situation is obligated to insulate himself or herself |

1  from anything having to do with that client.  And lawyers
2  have a responsibility to represent the clients that they
3  have.
4      I am not saying this critically.  You are not
5  obligated to agree to a waiver of the conflict, but I wanted
6  to explain that that kind of waiver is not something that
7  somehow has anything suspicious attached to it.  On the
8  contrary, it happens a great deal.  And that is the reason
9  that law offices have what are called conflict checks because
10 an individual lawyer may have no knowledge at all about such
11 representation.  And that is especially true if what you have
12 is a lawyer who is going from Firm A to Firm B and doesn't
13 know anything about what Firm B has on its plate or has had
14 on its plate.
15     So don't characterize that as somehow something
16 that casts aspersions on the lawyer involved or in any way is
17 a suspicious factor.
18     Now what is your question?
19     MR. DEAN:  Well, I understand that there are
20 processes in place to mitigate these sorts of instances, but
21 it does not excuse the fact that when this lawyer, Mr. Falbe,
22 informed me that there were no conflicts and -- and requested
23 that I send my file from Drinker Biddle & Reed to his new law
24 firm, he assured me that there were no conflicts and --
25     THE COURT:  Well, how does he know that?

1    MR. DEAN: He assured me because he said that --
2    THE COURT: Wait just a minute.
3    MR. DEAN: Well, I am --
4    THE COURT: You know -- now wait a minute. I have
5 tried very patiently to explain.
6    MR. DEAN: And I understand what you have
7 communicated.
8    THE COURT: Law firms -- law firms of size -- and,
9 unfortunately, the tendency is toward greater size rather
10 than the other way around.
11    MR. DEAN: But that is not --
12    THE COURT: Law firms of size have to have
13 procedures like that. And the individual lawyer may
14 unquestionably -- especially a lawyer who is switching firms
15 has just no way of knowing that until whoever it is that is
16 responsible for doing the mechanics and the electronics of
17 the conflict check has completed that.
18    MR. DEAN: With all due respect, sir, he informed
19 me that that had been done prior to me releasing my file to
20 him and after two weeks of perusing my file and making it
21 available to whomever is in that law firm. He informed me --
22    THE COURT: Oh, come on. That is really --
23    MR. DEAN: No, sir, he informed that there is a
24 conflict. When I requested for the file to be sent over, it
25 arrived incomplete.

| | |
|---|---|
| 1 | THE COURT: Mr. Dean, you want your -- you want |
| 2 | your complaint to be dismissed? I am trying to -- |
| 3 | MR. DEAN: For what reason, sir? |
| 4 | THE COURT: Now wait a minute. Wait a minute. You |
| 5 | have made an accusation that the lawyer involved shared that |
| 6 | with others in the firm. You haven't the slightest basis for |
| 7 | making that accusation. |
| 8 | MR. DEAN: Well, sir, if I can -- |
| 9 | THE COURT: I am not going to entertain it and I am |
| 10 | not going to listen to you interrupting me. Now, you want -- |
| 11 | you want this lawsuit to be dismissed and you want to take it |
| 12 | upstairs to the Court of Appeals, you know, you are headed on |
| 13 | that way. And I don't want to do that. But I got to tell |
| 14 | you this much lip on your part is inappropriate. |
| 15 | MR. DEAN: Sir, I am speaking to you and asking you |
| 16 | a question. |
| 17 | THE COURT: That is enough. |
| 18 | MR. DEAN: And I am not -- |
| 19 | THE COURT: No, you haven't asked me a question at |
| 20 | all. |
| 21 | MR. DEAN: Well, I was trying to preface my |
| 22 | question, but you have become angry with me for some reason. |
| 23 | And I don't know why I have been threatened with it -- with |
| 24 | my case being dismissed because the facts have not changed. |
| 25 | And during discovery we will surely be able to verify all |

1  that I have claimed and more.

2      THE COURT: No, you are not going to engage in
3  discovery on that subject because that lawyer is out of the
4  case.

5      MR. DEAN: Well, sir, I asked my current attorneys
6  to send over a copy of my file so that I can answer their
7  interrogatories, and the file that arrived was incredibly
8  incomplete. And when I asked them why that file arrived in
9  my possession incomplete, they said, "This is what was sent
10 to us from the previous law firm." And I know what I have
11 provided, and I can again provide that same information. So
12 this is not something that I am making up. And I am
13 certainly not here to take advantage of the Court or waste
14 our time or money because I am a taxpayer too. And believe
15 me, I have many more things to do with my life than to
16 continue this farcical game that I have been privy to,
17 unfortunately, for speaking up for people who are not capable
18 of defending themselves in court.

19     I am not a lawyer, but I soon shall be. And as
20 soon as I have freed myself from dealing with this issue, I
21 will be able to begin my course in becoming a lawyer so that
22 I can defend people that need help, people that are like me
23 and others.

24     THE COURT: And your question? You said --
25     MR. DEAN: Why is it a statement for withdrawal can

1  be sent to my e-mail stating things that are untrue but are
2  accepted as being true by the Court?  And I was given a phone
3  call from the Judge's chamber, which is unusual, considering
4  I have been doing this for -- how long has it -- a year and a
5  half now?
6              MR. MORRISON:  Fourteen months and 7 days.
7              MR. DEAN:  I have not received a call in that
8  manner.  I have received correspondence in the mail.
9              THE COURT:  You think that is suspicious too; you
10 think my staff is engaged in inappropriate conduct?
11             MR. DEAN:  No, no.  If I had not been here, if I
12 had been traveling, because I have been waiting for my -- my
13 legal counsel, my former legal counsel, to respond to me.
14 They gave me a deadline of the 22nd.  And I waited patiently
15 for them to respond.  They said Draper and Kramer would have
16 a response by the 22nd.  And my response from them was a
17 withdrawal at 5:00 o'clock p.m. on Monday.  And then when I
18 tried to reach them and ask why they would state things that
19 are obviously not true because I have complied in every
20 way -- and I have been forced to trust their judgment.  And
21 they have chosen what to hold these individuals accountable
22 for and I have no say in that.
23             THE COURT:  Mr. Dean, I guess you weren't listening
24 when I began, because when I get from either a client or a
25 lawyer a statement that says, we are not getting along or

1  something along those lines, you see, the lawyer-client
2  privilege is something that --
3              MR. DEAN:  I understand.
4              THE COURT:  -- prevents me, and properly prevents
5  me, from going behind that and saying, "What have you people
6  been talking about or not talking about?"  And it is for that
7  reason, whenever there is an assertion of that kind by either
8  a client or a lawyer, the -- my uniform practice always is to
9  grant the separation.  That is the reason I liken it to no
10 fault divorce because it doesn't matter if there is fault or
11 not.
12             MR. DEAN:  Right.
13             THE COURT:  The -- I can't -- I can't bond a client
14 to a lawyer or a lawyer to a client if either one is not
15 happy with the relationship.  So it is a matter -- it is not
16 a matter of accepting what has been said as true, except for
17 the fact that parties are not getting along.  That I have to
18 accept because if either side tells me that, I can't go
19 behind that statement.
20             MR. DEAN:  Okay.  Well, I understand that.  I truly
21 do.
22             THE COURT:  So your -- it is -- let me assure you I
23 didn't -- I have not given any kind of particular credit to
24 an assertion and certainly not as to the grounds for the
25 claimed unhappiness.  If either side tells me that we are not

1 | happy with continuing, that concludes it for me, for the
2 | Court.
3 | MR. DEAN: I understand that.
4 | THE COURT: And that is proper.
5 | MR. DEAN: Understand, sir.
6 | THE COURT: All right. So that is the answer to
7 | that. Anyway, I will be issuing this memorandum order and
8 | you will be getting it by mail, counsel will be getting it
9 | electronically.
10 | Thank you.
11 | MR. DEAN: And so this memorandum states that I
12 | must find an attorney to represent me and -- in this matter?
13 | THE COURT: No, it is -- you have -- here, let me
14 | -- let me just read you what I have said, although it is
15 | obviously going to have to be changed because we are using an
16 | already set date, but I re -- the last sentence had been,
17 | "This Court has set a next status hearing for" blank "a.m.,
18 | October" blank, "2010" -- now, listen to this -- "at which
19 | time Dean is ordered either to appear on his own behalf or if
20 | he has retained counsel in the interim, to cause the retained
21 | counsel to appear."
22 | So it is entirely up to you. You can either
23 | proceed yourself or if you could get a lawyer, fine. Okay?
24 | Thank you.
25 | MR. DEAN: Thank you.

1  MR. MORRISON: Thank you, your Honor.
2  (Which were all the proceedings heard.)
3  CERTIFICATE
4  I certify that the foregoing is a correct transcript
5  from the record of proceedings in the above-entitled matter.
6
7  s/Rosemary Scarpelli/          Date: March 3, 2011