1                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
2                          EASTERN DIVISION

3  JAMES DEAN, JR.,                 )
                                    )
4            Plaintiff,             )
                                    )  No. 09 C 4374
5                       vs.         )  Chicago, Illinois
                                    )  December 28, 2010
6                                   )  9:00 a.m.
   Draper & Kramer, Inc.,           )
7                                   )
            Defendant.              )
8

9              TRANSCRIPT OF PROCEEDINGS - MOTION
              BEFORE THE HONORABLE MILTON I. SHADUR
10                        AND A JURY

11 APPEARANCES:

12 For the Defendant:       K & L GATES LLP
                            70 West Madison Street
13                          Suite 3100
                            Chicago, Illinois 60602
14                          BY:  MR. ALAN M. SERWER

15 Official Court Reporter:  MAELLEN E. PITTMAN, FCRR, RDR
                             219 South Dearborn Street
16                           Room 2342
                             Chicago, Illinois 60604
17                           (312) 435-5576

18

19

20

21

22

23

24

25

1          (Proceedings heard in open court:)

2               THE CLERK:  09 C 4374, Dean versus Draper & Kramer.

3               MR. SERWER:  Alan Serwer with K & L Gates on behalf of

4    Draper & Kramer.

5               Yesterday when I got back to the office from being out

6    of town I received what I believe was a telephone call from Mr.

7    Dean, was which was very hard to understand, but as I heard what

8    he said he said he would be out of town today.

9               I tried to call your chambers to --

10              THE COURT:  He tried to call chambers.

11              MR. SERWER:  No, he did not -- he did?

12              THE COURT:  He tried to call chambers.  Unfortunately,

13   he reached me, and I simply said to him I can't deal with an ex

14   parte communication.

15              So I don't know what his proposed message was, but he

16   had been notified by mail on December 20th about today's date.

17              MR. SERWER:  Yes.  Your Honor, we have given one week

18   notice, because all we have is a p.o. box.

19              THE COURT:  I know that.

20              MR. SERWER:  And we added a day for Christmas in there.

21   Calculating that, today would be the appropriate amount of

22   notice.

23              THE COURT:  Right.  So I do think he got appropriate

24   notice.

25              MR. SERWER:  And I wanted to report that.

1      THE COURT:  Well, you know, it's regrettable.  He really
2  can't -- as he seems to think is appropriate for him -- make the
3  rules himself.

4      If he was anticipating being away, the manner of doing
5  that and notifying everybody is not to call up and leave a
6  telephonic message, just as he -- it was inappropriate for him to
7  do that in terms of placing a call to chambers, which would have
8  been ex parte to begin with.

9      And accordingly -- and he has been playing the system,
10  regrettably, for just an extended period of time, and your motion
11  demonstrates a continued scofflaw position on his part; I had
12  warned him previously, but that warning didn't seem to do any
13  good.  And I'm granting your motion to dismiss for want of
14  prosecution.

15      Now, that means that, as you know, Rule 59(e) says that
16  he has got 28 days within which to seek to vacate that for good
17  cause shown.  But he has got to have good cause.

18      I am -- I know that you have asked -- and properly --
19  for reimbursement for at least part of the attorneys' fees that
20  he has piled up as a result of his recalcitrance.  And I will
21  simply leave to you what you may want to do in terms of bringing
22  that on and quantifying it by appropriate notice to him.

23      So I'm simply entering and continuing that part.

24      I'm retaining jurisdiction obviously for purposes of
25  considering the shifting of fees under the circumstances.

1          MR. SERWER:  All right.

2          THE COURT:  So your motion -- your motion to dismiss for

3    want of prosecution is granted.

4          MR. SERWER:  Thank you, your Honor.

5          THE COURT:  Thank you.

6          THE CLERK:  That's it.

7       (Proceedings recessed.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
2                           EASTERN DIVISION

3    JAMES DEAN, JR.,                )
                                     )
4              Plaintiff,            )
                                     )  No. 09 C 4374
5                        vs.         )  Chicago, Illinois
                                     )  December 28,
6                                    )  10:00 a.m.
     Draper & Kramer, Inc.,          )
7                                    )
               Defendant.            )
8

9                 TRANSCRIPT OF PROCEEDINGS - MOTION
                BEFORE THE HONORABLE MILTON I. SHADUR
10                          AND A JURY

11   APPEARANCES:

12   Plaintiff, Pro Se:          MR. JAMES DEAN, JR.
                                 Post Office Box 803824
13                               Chicago, Illinois  60680

14
     For the Defendant (telephonically):
15
                                 K & L GATES LLP
16                               70 West Madison Street
                                 Suite 3100
17                               Chicago, Illinois 60602
                                 BY:  MR. ALAN M. SERWER
18
     Official Court Reporter:    MAELLEN E. PITTMAN, FCRR, RDR
19                               219 South Dearborn Street
                                 Room 2342
20                               Chicago, Illinois 60604
                                 (312) 435-5576
21

22

23

24

25

1      (Proceedings heard in open court:)

2         THE CLERK:  09 C 4374, Dean versus Draper & Kramer.

3         THE COURT:  Mr. Dean.

4         MR. SERWER (telephonically):  Good morning, your Honor.

5         This is Alan Serwer with K & L Gates on behalf of Draper

6 & Kramer, the defendant.

7         THE PLAINTIFF:  Hello.  I'm James Dean.

8         THE COURT:  Mr. Dean appeared after I had already dealt

9 with the motion to dismiss for want of prosecution.

10         Mr. Serwer had reported that Mr. Dean had left a

11 telephonic message saying that he was going to be out of the

12 City.

13         And based on the submission that had been made, and the

14 fact of no response having been given other than to say that he

15 was not going to be present, I found that the motion was

16 well-taken and, accordingly, I granted the motion.

17         I also reserved ruling on the other part of the motion,

18 which was for the imposition of sanctions in the way of shifting

19 of fees, something that Mr. Serwer can bring on by virtue of an

20 appropriate motion that would require, again, a notice of motion.

21         So, Mr. Dean, I heard --

22         THE PLAINTIFF:  You're heard, sir.

23         May I interrupt?  If I may fully understand what is

24 happening at this very moment.

25         My -- there has been an imposition on Draper &

1  Kramer's -- well, I guess I forced myself into this position here

2  on the 28th of December.  I was asked by Mr. Sewer and his

3  assistant --

4  　　　　　THE COURT:  This is Mr. Serwer.

5  　　　　　THE PLAINTIFF:  Sir, I've tried to get the correct

6  pronunciation of his name.

7  　　　　　THE COURT:  It's Serwer.

8  　　　　　THE PLAINTIFF:  Yes.  And I'm sure that it's a beautiful

9  name, but I choose not to utter it anymore.

10  　　　　　THE COURT:  Well, I'm sorry, if you are going to --

11  　　　　　THE PLAINTIFF:  I don't want to argue with you, your

12  Honor.

13  　　　　　THE COURT:  Just a minute.

14  　　　　　THE PLAINTIFF:  Concerning the relevance --

15  　　　　　THE COURT:  Mr. Dean, if you will listen for just a

16  moment?  Mr. Dean, will you listen to --

17  　　　　　THE PLAINTIFF:  Yes.

18  　　　　　THE COURT:  You know, you have had the problem before --

19  　　　　　THE PLAINTIFF:  Yes.  And that is why I'm here, and this

20  Court --

21  　　　　　THE COURT:  Just a minute.  Just a minute.

22  　　　　　THE PLAINTIFF:  Is giving me this very minute this

23  problem.

24  　　　　　THE COURT:  I expect you to be civil.

25  　　　　　THE PLAINTIFF:  I'm very civil, considering I have cut

short my vacation to be here.  At a time, I might add, after it

was told to me after the fact that my case has been dismissed.

And Mr. Serwer cannot find the time in his very busy schedule to

be present, nor can his very ill-informed assistant.

I'm being very civil here.  But I simply must tell you

the truth.  And I've seen how you have added your communication

or your interpretation of my case to my file.

THE COURT:  Mr. Dean, if you will listen for just a

moment.

MR. SERWER:  Hello?

THE COURT:  Mr. Dean, if you will listen for just a

moment.

THE PLAINTIFF:  It's him who is not hearing.

THE COURT:  Are you not hearing anything?

MR. SERWER:  I was hearing some of it, yes, but there

were blanks.

THE CLERK:  I'm really not sure how this phone system

works.  We are in a different courtroom.

MR. SERWER:  I know that.  I'm hearing most of this.

THE PLAINTIFF:  Well, the court reporter can make you

fully aware of what I have communicated.

MR. SERWER:  At some point --

THE COURT:  The Judge will speak louder.

Mr. Dean, let me limit my comments to a single item.

THE PLAINTIFF:  Yes.

1    THE COURT:  And that is when I said you have a

2 responsibility to be civil, that means you cannot distort a

3 person's name -- just a minute -- a person's name when converting

4 the name "Serwer" into "sewer" and just as you could not be

5 appropriately characterized in some fashion other than by your

6 proper name.

7    And that's the only comment that I was making.  And I

8 expect you to adhere to that because that's part of any

9 litigant's responsibility.  It is civility is at the core of

10 this.

11    Now, let me just add, by the way:  One thing you said,

12 Mr. Serwer was not present, that's not accurate.

13    He was here at the time that the motion came on.  And he

14 had reported -- he had reported that you had left a telephonic

15 message saying that were out of the City and, therefore, could

16 not attend.

17    Now go ahead.

18    THE CLERK:  Mr. Serwer, were you able to hear that?

19    MR. SERWER:  Yes, I was.

20    THE CLERK:  Okay.  Thank you.

21    THE COURT:  Go ahead, Mr. Dean.

22    MR. SERWER:  Yes, I was.

23    THE CLERK:  Okay.

24    THE PLAINTIFF:  I have been summoned here on the 28th to

25 answer this person's -- I guess this is defendant Draper &

1  Kramer, Incorporated, second renewed motion to dismiss for want

2  of prosecution or in the alternative to compel.

3  Am I to understand if I am to present my interrogatories

4  in the appropriate format to use Rule 37 as a guide that -- and

5  if that should be given to you by January the 5th, then we might

6  move forward to a jury trial, Mr. Serwer?

7  MR. SERWER:  Yes, your Honor.  These answers to

8  interrogatories and response to document requests have been due

9  for -- since August.  We have received various servings from

10 Mr. Dean, but none of them has come close to compliance.

11 As stated in the motion that's before the Court at this

12 time, the latest version would have -- which came to us as an

13 email in the evening hours is a series of scattered random

14 documents, many of which were totally irrelevant to this

15 litigation, some of which were partially relevant, and some of

16 which were partial documents.

17 They were undated -- I'm sorry -- unnumbered, and, more

18 to the point, there was no response to Rule 34 -- to our Rule 34

19 request.  So as a consequence, I don't know, though I feel

20 confident that the reply --

21 THE PLAINTIFF:  You will lose.

22 MR. SERWER:  -- that the document requests having even

23 been responded to, but there is no way to determine what document

24 is in response to what request, and what request simply has not

25 been responded to at all.

1       With respect to the interrogatories, there are -- there

2 is a document which purported to be responses.  But again, it

3 is --

4       THE PLAINTIFF:  Are they --

5       MR. SERWER:  -- completely insufficient.  It is not

6 signed under oath in accordance with Rule 33.  And it lacks even

7 the basics of a sufficient response to interrogatories which

8 would be a response to each subparagraph so that we could

9 determine what the response is and we could determine that they

10 are under oath.

11       And so given the fact that this has been before the

12 Court -- perhaps this is the third or fourth time in which we

13 have made this effort before -- again before filing this motion,

14 Ms. Moore in our office again attempted to get sufficient

15 response from Mr. Dean.

16       THE PLAINTIFF:  Which is why he and I communicated.

17       THE CLERK:  One a time.

18       THE PLAINTIFF:  I'm sorry.  Yes.  He is continuing to --

19       THE COURT:  Please do not interrupt.

20       THE PLAINTIFF:  He distorts reality for you and for the

21 Court.

22       THE COURT:  Please do not interrupt.

23       THE PLAINTIFF:  I should have brought a pen.

24       THE COURT:  Please do not interrupt.

25       All right?

1       THE PLAINTIFF:  Sure.  I forgive your Honor.

2       THE COURT:  Let Mr. Serwer finish.

3       MR. SERWER:  Miss Moore had an elaborate phone conversation with Mr. Dean.  And much like his behavior here, it's filled with the kind of language which is inappropriate, it's hostile, angry, and it simply provides not really a sufficient manner of communicating with Mr. Dean.

8       She again asked him to file adequate response.  We sent a letter to him explaining more precisely the deficiencies.  And she gave him again another date.  But after five months now, enough now, enough.

12       And Mr. Dean did not comply with either of the dates either suggested by Ms. Moore either in her letter or in that phone conversation, which was hellacious for her, I must say.

15       So here we are again before the Court asking the Court for relief.  Because we're unable to proceed with this litigation, after more than a year of it, without adequate and fully sufficient responses to our discovery.

19       We do think that Mr. Dean has shown in various ways at various times a complete unwillingness to comply with the Federal Rules, both local and federal.  And he wants to pursue this litigation, but does not want to permit Draper & Kramer to adequately prepare for its defense.

24       And I think frankly, your Honor, the time has come that this case should be appropriately dismissed for want of

prosecution as the Court has been inclined to do on several
occasions in the past.

Now we're still right back where we were, and do not
have even remotely sufficient response as reflected in more
detail in the motion.

THE COURT:  Thank you.

Mr. Dean.

THE PLAINTIFF:  Sure.  I'm sure that after my forensic
accounting of your records by Chicago Partners that I will pay
for, you will be provided with information necessary to mount an
ineffective defense.

Because you, sir, have violated -- not quite you, but
your company for which you are working -- have violated civil and
human rights, wantonly and repeatedly and particularly at a Hope
VI development that I have communicated to you and several of
your attorneys about.

Including people who are readily available to you and
are -- and can be subpoenaed to testify in a court of law.

So, sir, I quite agree, enough is enough.  And if you
really want to know how long we have been addressing this, it's
been more than the time it's been present in Judge Shadur's -- on
his docket.

So unfortunately, by distorting the truth for Mr. -- or,
for His Honor, you are doing not only Judge Shadur and your
country a disservice, but also you.  Because your morals, sir,

1  seem to be lacking, and being obtuse, and your responsibility to

2  understand the true essence of my complaint against your client

3  is, quite frankly, shows a complete lack professional abilities

4  to your behalf, sir.  Because this could have been resolved prior

5  to this moment.

6          THE COURT:  Mr. Dean -- Mr. Dean --

7          THE PLAINTIFF:  You have been provided more than ample

8  evidence.

9          THE COURT:  Mr. Dean -- Mr. Dean -- pardon me.

10          THE PLAINTIFF:  I have not --

11          THE COURT:  Pardon me, Mr. Dean, for a moment.

12          THE PLAINTIFF:  Sure.

13          THE COURT:  All right.

14          THE PLAINTIFF:  Okay.

15          THE COURT:  First of all, when we are engaged in the

16  litigation process, and you're in court, you do not address the

17  other side.

18          THE PLAINTIFF:  It is morally deficient.  I'm sorry.

19          THE COURT:  Your remarks are to be placed before the

20  Court, just as Mr. Serwer did, and not in terms of the --

21          THE PLAINTIFF:  Personal.

22          THE COURT:  -- pejorative conduct that you are engaged

23  in.

24          THE PLAINTIFF:  I'm sorry, sir.

25          THE COURT:  Now you say you're sorry, but I must tell

1 you, I have observed you over the months here --

2          THE PLAINTIFF:  Sure.

3          THE COURT:  -- and you have never, never reflected that

4 you are truly sorry in terms of the manner in which you conduct

5 yourself.

6          THE PLAINTIFF:  Sir, I'm quite proud --

7          THE COURT:  Let me finish, if I may.

8          THE PLAINTIFF:  -- of the way I conduct myself, and I

9 have --

10          THE COURT:  Mr. Dean, don't interrupt the judge.

11 Mr. Dean, please do not interrupt.

12          THE PLAINTIFF:  Yes, sir.  I apologize.

13          THE COURT:  I have the matter before me.  I have read

14 the submission -- I have read the prior submissions.  More than

15 having read them, I have been in court each time that the matter

16 has come before me and you have reflected a continuing,

17 continuing scofflaw perception of how you should conduct

18 yourself.

19          And Mr. -- both of you are right.  Enough is enough.

20          The answer, however, is not the one that you're

21 suggesting, and that is that you get one more chance to violate

22 the rules that you have consistently violated.

23          Now, I ruled.  I ruled as I did.

24          I granted the motion to dismiss for want of prosecution.

25 It has not been properly prosecuted.  And I -- that's my

1  ruling --

2          THE PLAINTIFF:  Sure.

3          THE COURT:  -- in those terms.

4          You do not have still another opportunity to attempt to

5  cure something that you have had months and months and months to

6  comply with, and that's it.

7          That's the Court's order.  Thank you.

8          THE PLAINTIFF:  Well, sir, I will be immediately

9  appealing.  And I do appreciate your -- and I appreciate the

10 Court's energy, and not -- I'd like for them to impart

11 information onto me as to how to proceed to the appellate process

12 initially.

13         I appreciate the time and energy and effort, and will

14 also be subpoenaing all of my court records that I might be able

15 to communicate to the federal authorities of which I'm going

16 across the street to meet.  I have a fraud affidavit that I must

17 have hand-delivered to the Internal Revenue Service, and then

18 later also giving information to the Federal Bureau of

19 Investigation, as has been instructed by me.

20         I really have done all that I can, and I have done more

21 than what would be expected of any real estate broker or any

22 citizen here of the United States.

23         So I appreciate the time and energy and effort that you

24 have, and I have learned a great deal here.  But this is not the

25 end of this very issue, and Draper & Kramer will not be allowed

to liquidate earnest moneys of individuals who in good faith

purchased with them.

And the cases that you have settled out of court that I

have complete files for will also be presented as evidence.

So just because you settled out of court doesn't mean --

THE COURT:  I'm sorry, Mr. --

THE PLAINTIFF:  I will be --

THE COURT:  -- already told you --

THE PLAINTIFF:  -- violating and committing fraud, sir.

Thank you.

THE COURT:  I told you that you are not to address

yourself to the opposing party.

THE PLAINTIFF:  Okay.  I apologize.

I'm not a lawyer, and as is evident.

THE COURT:  You have demonstrated that adequately.

THE PLAINTIFF:  Yes.  And, quite frankly, I'm not trying

to attempt to be a lawyer.  I'm being me, an advocate for fair

housing, which is why I'm in your court today.

THE COURT:  Thank you.

THE PLAINTIFF:  So thank you.

MR. SERWER:  Thank you, your Honor.

THE COURT:  Thank you, Mr. Serwer.

We are in recess.

(Proceedings concluded.)

```
 1                    C E R T I F I C A T E

 2          I, Maellen E. Pittman, do hereby certify that the

 3   foregoing is a complete, true, and accurate transcript of the

 4   proceedings had in the above-entitled case before the Honorable

 5   MILTON I. SHADUR, one of the judges of said Court, at Chicago,

 6   Illinois, on December 28, 2010.

 7

 8                              /s/ Maellen E. Pittman, FCRR, RMR

 9                              Official Court Reporter

10                              United States District Court

11                              Northern District of Illinois

12                              Eastern Division

13

14

15

16

17

18

19

20

21

22

23

24

25
```